IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTAREA WILLIAMS and CARLOS PORRO, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | No. 2:12-cv-02690-KJM-EFB |
| vs. | |
| WINCO FOODS, LLC, | |
| Defendant. | ORDER |

This case is before the court on defendant WinCo's motion to transfer venue. (ECF 7.) The motion was decided without a hearing. For the reasons outlined below, defendant's motion is GRANTED.

I.   ALLEGED FACTS AND PROCEDURAL HISTORY

    A.   This Action

Named plaintiffs are two former night shift assistant managers who worked for defendant WinCo, a company that operates a chain of supermarkets throughout California. (Pls.' Am. Compl. ¶¶ 1-6, Ex A., ECF 2 ("FAC.").) Plaintiffs seek to bring a class action alleging defendant intentionally misclassified night shift assistant managers as exempt from overtime under California law. (*Id.* ¶¶ 5-6.) As a result of this misclassification, plaintiffs allege they are

1

owed compensation for unpaid overtime, missed meal and rest periods, and inaccurate wage statements. (*Id.* ¶ 3.) Plaintiffs bring three causes of action: 1) unlawful failure to pay overtime wages; 2) unfair competition; and 3) a claim under the California Labor Code Private Attorneys General Act of 2004. (*Id.* ¶¶ 19-30.) Plaintiffs seek to represent a class that consists of "persons employed in California by WinCo as assistant store managers who worked the night or graveyard shift for the four year period preceding the filing of the complaint in *Gales v. WinCo Foods* [ . . . ] to the present . . . ."[1] (*Id.* ¶ 13.) Plaintiffs anticipate this class will consist of at least fifty but fewer than one-hundred persons. (*Id.* ¶ 14.)

Plaintiff Williams resides in this District. (Williams Decl. ¶ 3.) Plaintiff Porro resides in Victorville, in the Central District of California. (Porro Decl. ¶ 3.) Plaintiff Williams worked at defendant's store in this District. (Williams Decl. ¶ 2.) Plaintiff Porro worked at defendant's store in the Central District. (Porro Decl. ¶ 2.) Defendant is a limited liability company incorporated in Delaware, with its principal place of business in Idaho. (Stinger Decl. ¶ 2.)

Plaintiffs initially filed suit on August 2, 2012 in California Superior Court, County of Sacramento. (Def.'s Notice of Removal ¶ 2, ECF 2.) Plaintiff filed an amended complaint on September 20, 2012, which was served on defendant on October 1, 2012. (*Id.*) Defendant removed the action to this court on October 25, 2012. (*Id.* ¶ 1.) On November 9, 2012, defendant filed the current motion to transfer venue, seeking to move the case to the Northern District of California because a judge there had recently heard an essentially identical class action brought by the same class counsel on behalf of essentially identical plaintiffs. (Def.'s Mot. Transfer at 1, ECF 7-1.) Plaintiff timely filed an opposition on November 30, strongly urging this court not to disrupt plaintiff's choice of forum in large part because the

/////

---

[1] As the *Gales* case is essential to the court's decision in this order, it is discussed below.

convenience of the parties and witnesses favors this District. (Pls.' Opp'n, ECF 8.) Defendant timely filed a reply on December 7. (Def.'s Reply, ECF 11.)

       B.       Northern District of California Action: *Gales*

In September 2009, the same attorneys that represent plaintiffs in this case filed *Gales* in state court, in the County of San Francisco, on behalf of a single named plaintiff from Washington state. (State Court Compl. in *Gales*, Pls.' Req. Judicial Notice at 2, Ex. A, ECF 7-4.)[2] Defendant removed that case to the Northern District. *Gales v. WinCo Foods*, No. C 09–05813 CRB, 2011 WL 3794887, at *1 (N.D. Cal. Aug. 26, 2011). Gales brought the same three claims as plaintiffs in this case (Second Am. Compl. in *Gales*, Ex. D, ECF 7-7), on behalf of three classes of assistant managers: those who worked, one, the day shift; two, the night shift from 2008 to the present; and third, the night shift from September 2005 to 2008, *Gales*, 2011 WL 3794887, at *1.[3] Over the nearly three years the *Gales* case was pending, the *Gales* court heard several discovery and evidentiary disputes and other motions. *See Gales*, Northern District of California, Case No. C 09–05813 CRB (docket). On August 26, 2011, the court issued an order denying class certification, because plaintiff's three proposed classes did not meet Federal Rules of Civil Procedure Rule 23(b)(3)'s predominance and superiority requirements. *Gales*, 2011 WL 3794887, at *4. The *Gales* class certification order demonstrates that the court delved rather deeply into the merits of that case, as it had to evaluate the nature of

---

[2] Plaintiffs' request for judicial notice (ECF 8-4) of defendant's motion to transfer in *Gales* and its accompanying declaration is granted, as the court may take notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court may take judicial notice "'of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue.'") (quoting *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)).

[3] Because plaintiffs in the instant case seek to represent a class that consists of "persons employed in California by WinCo as assistant store managers who worked the night or graveyard shift for the four year period preceding the filing of the complaint in *Gales v. WinCo Foods* [ . . . ] to the present . . . ." (FAC ¶ 13), the two night shift classes in *Gales* are essentially coextensive with the single asserted class in this case.

3

plaintiff's evidence for its three causes of action to determine whether the proposed classes satisfied Rule 23(b)(3). *Gales*, 2011 WL 3794887, at *3-4. After class certification was denied, Gales resolved his individual dispute with WinCo and dismissed the case. (McKelvey Decl., Ex. I.) Both of the named plaintiffs in this action gave declarations in the *Gales* litigation. (*Id.* Dec., ¶¶ 7-8, Exs. F, G and H.)

II.   STANDARD

When the district court finds that venue is proper, it is still within its discretion, "[f]or the convenience of the parties and witnesses, [and] in the interest of justice," to transfer an "action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "In ruling on a motion to transfer pursuant to § 1404(a), the Court must evaluate three elements: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Safarian v. Maserati N. Am., Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D. Cal. 2008) (citations omitted). "Once the court determines that venue is proper, the movant must present strong grounds for transferring the action . . . ." *Id.* (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "[A] motion to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a) does not concern the issue 'whether and where' an action may be properly litigated. It relates solely to the question where, among two or more proper forums, the matter should be litigated to best serve the interests of judicial economy and convenience to the parties." *Injen Tech. Co. v. Advanced Engine Mgmt.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003) (citations omitted).

In determining whether transfer is proper, the court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal*, 805 F.2d at 843 (citations omitted). According to the Ninth Circuit, relevant

factors determining whether transfer is appropriate include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000), *cert. denied*, 531 U.S. 928 (2000) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

The court attaches a "strong presumption in favor of plaintiff's choice of forum." *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981). However, a plaintiff's choice of forum should receive less deference when suit is brought in a representative capacity, such as in the case of a class action suit. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, No. C 03-3711 MHP, 2003 WL 22387598, at *3 (N.D. Cal. Oct. 14, 2003) (citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987)). "Even then, the burden, albeit a lighter one, remains on the moving party to demonstrate that the combined concerns of convenience and the interest of justice are sufficiently strong to tip the balance in favor of the transfer." *Id.* (citing *Mayer v. Dev. Corp. of Am.,* 396 F. Supp. 917, 932 n.26 (D. Del .1975)).

III.     ANALYSIS

There is no dispute that this action "might have been brought" in the Northern District of California. 28 U.S.C. § 1404(a). A nearly identical class action was recently brought against defendant in the Northern District, and that suit advanced to the class certification stage. *See Gales*, 2011 WL 3794887.

Therefore, to determine whether transfer is appropriate, the court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice, examining relevant *Jones* factors throughout the analysis.

/////

A.  Convenience of the Parties

The court will consider the convenience of the parties by analyzing relevant *Jones* factors: plaintiffs' choice of forum, the parties' contacts with the forum, and the contacts relating to plaintiffs' claims in the chosen forum.

1.  Plaintiffs' Choice of Forum

Plaintiffs initially filed suit in California Superior Court, County of Sacramento. (ECF 2.) Defendant removed the action to this court. (*Id.*) Plaintiffs chose to litigate this case within the boundaries of this District. In their opposition to defendant's motion to transfer, plaintiffs assert a strong preference for litigating this case in this District. (ECF 10 at 1-2.) However, the court grants plaintiffs' forum choice less deference because this is a proposed class action. *Lou*, 834 F.2d at 739. Lesser deference is afforded in part because the residence of any one plaintiff is less significant when there are fifty to one-hundred potential class plaintiffs, particularly when as here the other named plaintiff resides elsewhere. *Cf. Madani v. Shell Oil Co.*, No. C07-04296 MJJ, 2008 WL 268986, at *2 (N.D. Cal. Jan. 30, 2008) (affording less deference because there were thousands of possible plaintiffs and other named plaintiffs resided elsewhere). The court affords this factor even less weight because plaintiffs' attorneys brought an essentially identical action in another forum on behalf of essentially identical plaintiffs and interests. *Wireless Consumers Alliance*, 2003 WL 22387598, at *3; *compare* Second Am. Compl. in *Gales*, Ex. D, ECF 7-7 (alleging three claims on behalf of day and night assistant managers) *with* FAC at 20-27 (alleging identical three claims but on behalf of night assistant managers only).

All things considered, this factor weighs slightly against transfer.

2.  Parties' Contacts with the Forum

Plaintiff Williams and defendant indisputably have significant contacts with this District. Plaintiff Williams resides within this District and worked at defendant's store here. (Williams Decl. ¶¶ 2-3). Although defendant is incorporated under Delaware law and maintains

6

1  its principle place of business in Idaho (Stinger Decl. ¶ 2), the parties agree that sixteen of
2  defendant's twenty-nine California stores are located here. (ECF 7-1 at 1; ECF 8 at 1-2.)
3  Defendant does not attempt to argue that the Northern District is more convenient for the parties
4  than this District because a party has had more contact with the Northern District.  Rather,
5  defendant argues that because the parties recently litigated the nearly identical *Gales* case in the
6  Northern District, that district will be more convenient for the parties. (ECF 7-1 at 8.)  This
7  argument is not relevant to this prong.
8  　　In sum, both parties appear to have significant contacts with this District.  This
9  factor weighs against transfer.

　　　　　　3.　　Contacts With the Forum Relating to Plaintiffs' Claims

11  　　Plaintiffs allege defendant misclassified night shift assistant managers as exempt
12  employees at defendant's stores throughout California.  (Compl. ¶¶ 5-6.)  While plaintiffs'
13  claims therefore are likely related to contacts with all California federal districts, plaintiff
14  Williams worked at defendant's store within this District. (Williams Decl. ¶ 2.)  The court can
15  also infer that a substantial number of unnamed putative class members also worked at stores
16  within this District, as sixteen of defendant's twenty-nine stores in California are located here.
17  (ECF 7-1 at 1; ECF 8 at 1-2.)  Hence, plaintiffs' claims relate significantly to contacts with this
18  district.  This factor favors retaining the case.
19  　　On balance, therefore, the convenience of the parties overall weighs somewhat
20  against transfer.  As noted above, the court weighs the convenience of the parties less heavily
21  because plaintiffs seek to bring a class action, *Lou*, 834 F.2d at 739, through attorneys that have
22  already litigated an essentially identical suit in another district, *Wireless Consumers Alliance*,
23  2003 WL 22387598, at *3.  However, plaintiffs' choice here is afforded more deference than the
24  plaintiffs in *Lou*, because some of the operative facts occurred within this district, *cf. Lou*,
25  834 F.2d at 739 (even less deference given the plaintiff's forum choice because the operative
26  facts occurred elsewhere), and the plaintiff's forum choice in *Wireless*, because one of the two

named plaintiffs here, plaintiff Williams, actually resides within this district, c*f. Wireless Consumers Alliance*, 2003 WL 22387598, at *3 (same, but because the plaintiff resided in a different district).

### B. Convenience of the Witnesses

To demonstrate inconvenience to witnesses, the moving party should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action. *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D. Cal. 1996); *Florens Container v. Cho Yang Shipping,* 245 F. Supp. 2d 1086, 1092-93 (N.D. Cal. 2002). Defendant does not produce such information. Rather, defendant argues that convenience of the witnesses is a neutral factor because most of the documents pertaining to plaintiffs' claims are located at WinCo's headquarters in Idaho, and anticipated witnesses are located in Idaho or throughout California. (ECF 7-1 at 11.) Plaintiffs respond by citing defendant's motion to transfer in *Gales*, in which defendant strenuously argued this District would be more convenient for the witnesses because a majority of class members live and work in this District and because witnesses working in WinCo's Southern California, Sacramento, and Idaho offices would be significantly inconvenienced by traveling to the Northern District. (ECF 8 at 5.) Defendant responds in kind, noting plaintiffs' counsel in *Gales* argued that eighteen of WinCo's twenty-nine California stores are located within the same driving distance, within twenty miles, of either San Francisco or Sacramento, meaning convenience of access to either courthouse is a wash. (ECF 11 at 9.)

Notwithstanding each party's now taking positions on transfer opposite to its prior position in a different case, the fact remains that this case has been removed to this court in this District, and the law recognizes a presumption that it remain here unless defendant bears its burden to prove the Northern District is a better venue for the case. *Piper Aircraft*, 454 U.S. at 255. Defendant has not even attempted to meet its burden to provide concrete information regarding the identity, location, testimony, and relevance of possible witnesses. *Steelcase*, 41

U.S.P.Q.2d at 1470.  While the parties' current and prior arguments suggest convenience of the witnesses may be a wash, the customary presumption favoring plaintiffs, not rebutted here, weighs against transfer.

         C.      Interests of Justice

Defendant argues this factor is the most relevant to the present transfer determination because transfer will further judicial economy, minimize the potential for inconsistent verdicts, and thwart plaintiffs' attempt to forum shop.  (ECF 7-1 at 7.)  Of the three primary § 1404(a) factors, the interests of justice can be the "paramount consideration," defendants aver.  (*Id.* at 6 (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1347 (Fed. Cir. 2010)).)  Defendant cites several cases in which courts transferred a case to a forum that has already heard a related case because transfer would serve the interests of justice.  (*Id.* at 7-8 (citing numerous cases, including *Wireless Consumers Alliance*, 2003 WL 22387598, at *4 n.3; *Gatdula v. CRST Int'l, Inc.*, No. CIV. 2:10–58 WBS CMK, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011); *Madani v. Shell Oil Co.*, No. C07-04296 MJJ, 2008 WL 268986 at *2-3 (N.D. Cal. Jan. 30, 2008); *MP Vista, Inc. v. Motiva Enterprises, LLC*, No. 07-099-GMS, 2008 WL 5411104, at *2 (D. Del. Dec. 29, 2008)).)  Defendant also urges this court to heed dicta in *Smith v. Bayer*, __ U.S. __, 131 S. Ct. 2368, 2381-82 (2011), in which the Supreme Court stated that principles of comity among courts can serve to mitigate ills associated with class action relitigation.

Plaintiffs assert defendant simply wants to effect a transfer of this action to a judge who gave defendant a favorable ruling.  (ECF 8 at 11.)  Plaintiffs cite cases that contradict *In re Vistaprint* and hold the interest of justice factor is entitled to little weight standing alone, particularly when there is no possibility of consolidation with a related case.  (*Id.* at 9 (citing *Payne v. AHFI Netherlands, B.V.*, 482 F. Supp. 1158, 1164 (N.D. Ill. 1980); *Nat'l Bank of Wash. v. Mallery*, 669 F. Supp. 22, 29 (D. D.C. 1987); *MedImmune, LLC v. PDL BioPharma, Inc.*, No. C 08-5590 JF (HRL), 2009 U.S. Dist. LEXIS 36765 (N.D. Cal. April 14, 2009)).)  Plaintiffs aver cases such as *Gatdula* and *Madani* are distinguishable primarily because the courts to which

9

these cases were transferred were much more familiar with the transferred case as the related litigation had progressed to summary judgment, whereas *Gales* advanced only to the class certification stage. (*Id.* at 8.) Plaintiffs do not address defendant's comity argument based on *Bayer*. In sum, plaintiffs deny they are forum shopping and assert that transferring this case would not further judicial economy or minimize the chance of inconsistent verdicts because the *Gales* case has already reached final judgment and because there is no guarantee that the judge who presided over *Gales* would receive this case after transfer.

In its reply, defendant counters with more cases holding that the interests of justice factor is a paramount consideration in a transfer motion. (ECF 11 at 1-2.) It argues that transferring would serve judicial economy because the Northern District judge presided over *Gales* for nearly three years, during which time the judge heard many discovery and evidentiary disputes and motions. (*Id.* at 3.) Defendant further asserts the parties in *Gales,* in connection with the class certification motion, submitted seventy-five pages of briefing, more than forty-five declarations from current and former WinCo assistant managers, deposition testimony from approximately ten witnesses, numerous exhibits, and over 100 pages of evidentiary objections. (*Id.*) Defendant repeats that plaintiffs' choice of forum should receive no weight because there is ample evidence of forum shopping. (*Id.* at 8.)

No controlling authority requires this court to make the interests of justice paramount in its section 1404(a) analysis. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The question, then, is whether defendant has carried its lighter burden to disturb plaintiffs' choice of forum based on the interests of justice factor, when the convenience of the parties and witnesses factors militate against transfer.

All things considered, the court finds that the interests of justice strongly favor transfer such that the other factors are outweighed. First, while both parties' cases are

distinguishable, *Madani* and *Wireless Consumers Alliance* are most factually similar to the instant case.  Plaintiffs are correct in noting that cases such as *Wireless Consumers Alliance*, *Gatdula*, *Madani*, and *MP Vista* are somewhat distinguishable from the instant action.  In the latter three cases, the transferee court had presided over related cases that had progressed to summary judgment or beyond, suggesting those judges had greater familiarity with the merits and could therefore effect a greater savings of judicial resources.  *Gatdula*, 2011 WL 445798, at *3 (transferee judge had issued summary judgment rulings); *Madani*, 2008 WL 268986, at *1 (same); *MP Vista, Inc.*, 2008 WL 5411104, at *3 (judge had already handled two similar class actions based upon same underlying operative incident).  *Gales*, in contrast, advanced only to the class certification stage. (McKelvey Decl., Ex. I).  In addition, the related cases in *Gatdula* were still pending, 2011 WL 445798, at *1, while *Gales* is not. (McKelvey Decl., Ex. I).  The operative facts and parties in *MP Vista* had little connection to Delaware, and the Delaware district court would have had to apply Louisiana law.  2008 WL 5411104, at *3.  And, as noted above, the named plaintiff in *Wireless Consumers Alliance* did not reside in the district, while one named plaintiff here does.  (Williams Decl. ¶ 3.)

The cases plaintiffs rely on are less analogous, however.  *MedImmune* and *Payne* dealt with suits that were not class actions and that involved different claims from the purportedly related suits.  *MedImmune*, 2009 U.S. Dist. LEXIS 36765, at *4-5; *Payne*, 482 F. Supp. at 1160, 1165.  Furthermore, the suits in *MedImmune* involved different plaintiffs, 2009 U.S. Dist. LEXIS 36765 at *4-5, and the potential transferee forum in *Payne* likely would not have had jurisdiction over some of the parties, 482 F. Supp. at 1165.  While *Temple* and *National Bank* dealt with class actions, neither case involved related cases that were litigated by essentially identical parties through the same counsel.  *Temple v. Guardsmark*, No. C 09-02124 SI, 2009 U.S. Dist. LEXIS 91306, at *2-4 (N.D. Cal. Sep. 16, 2009); *Nat'l Bank of Wash*, 669 F. Supp. at 29.  Further, the judge in *Temple* had only granted summary judgment to the named plaintiff as an individual after denying class certification.  2009 U.S. Dist. LEXIS 91306, at *13.

And the purportedly related cases in *National Bank* raised claims completely unrelated to those in the case the defendant sought to transfer. 669 F. Supp. at 29.

All things considered, *Madani* and *Wireless Consumers Alliance* are most factually similar to the instant case. In *Madani*, the court found a high likelihood that plaintiffs' counsel was attempting to forum shop because "the same counsel, seeking to represent a nearly identical class, filed a [sic] earlier lawsuit premised on the same allegedly unlawful activity in [a different] District." 2008 WL 268986, at *3. Here, the same counsel brings the same claims seeking to represent nearly an identical class, having excised only the day-shift assistant managers when compared to the *Gales* action. *Compare* Second Am. Compl. in *Gales*, Ex. D, ECF 7-7 (alleging three causes of action on behalf of day and night assistant managers brought by Qualls & Workman LLP) *with* FAC at 20-27 (alleging identical three claims but on behalf of night assistant managers only, also brought by Qualls & Workman LLP). The plaintiffs in *Madani* identified some connections the Northern District had to the suit, such that the convenience of the parties weighed slightly against transfer, but those connections had existed when the plaintiffs' counsel filed the first iteration of the suit in the Central District. *Id.* at *3. Similarly, when plaintiffs' counsel here filed *Gales* in state court in the County of San Francisco, on behalf of a single named plaintiff from Washington state (McKelvey Decl., Ex. I at 10-16), the facts relevant to the convenience of the parties and witnesses were almost exactly the same as they are now, yet plaintiffs' counsel did not choose a court in this forum. Further, the named plaintiffs in *Madani* had been class members in the earlier iteration of the suit. *Id.* at *1. So, too, were the named plaintiffs here. (McKelvey Decl. ¶¶ 7-8, Exs. F, G and H.)

Similarly, in *Wireless Consumer Alliance* the court transferred a class action, involving identical plaintiffs, though a different named plaintiff, brought by the same counsel as in a prior adjudicated case, from the Northern to the Central District of California because the cases were so closely related that "failure to file a Notice of Pendency of Other Action or Proceeding" violated a local rule. 2003 WL 22387598, at *1-5. Conserving judicial resources

12

and discouraging forum shopping tipped the balance heavily in favor of transfer. *Id.* at 6. The instant case is different only in that one named plaintiff lives in this District and the putative class here presumably is much smaller than the proposed class in the *Gales* case. *See id.* at *5 (putative class consisted of all T-Mobile subscribers in California).

Second, judicial economy weighs in favor of transfer. Case law and common sense suggest the level of familiarity a court has with the merits of a case is proportionate to the amount of work the court expends on it. How far into the litigation a case advances is only one measure of familiarity. The transferee judge in *Wireless Consumer Alliance* had only ruled on a motion to stay and compel arbitration, *id.* at *1, early in the case's gestation. The docket in *Gales* reflects what defendant asserts in its motion, that the *Gales* court, over nearly three years, heard discovery and evidentiary disputes as well as motions and delved deeply into the class certification issue, which required wrestling with the underlying claims and associated evidence. *Gales*, 2011 WL 3794887, at *3-4.[4] Even if this case is not assigned to the same Northern District judge, transfer will discourage forum shopping and respect principles of comity, as explained below.

Third, transfer is warranted under the interests of justice factor in light of the Supreme Court's recent discussion of comity and class action relitigation. *Bayer*, 131 S. Ct. at 2381-82. In *Bayer*, the Court reaffirmed the legal system's commitment to traditional principles of preclusion by overturning a district court's enjoining of a pending state court case that sought to relitigate the multi-district class action the district court had already adjudicated. *Id.* at 2381. The Court found the plaintiffs in the state court action, who were not parties to the multi-district

---

[4] Moreover, *Gales* meets this District's definition of a related case. L.R. 123. This case and *Gales* involve essentially the same parties, are based on the same claims, and involve the same event: defendant's alleged misclassification of assistant managers as exempt employees under California labor law. L.R. 123(a)(1)-(2). After transfer, defendant has indicated it will move to relate this case with *Gales*. (ECF 11 at 6 n.3.) While this court cannot predict its sister court's response to defendant's motion, it notes that the Northern District's definition of a related case is essentially identical to this District's. *See* N.D. Cal. L.R. 3012(a).

litigation, were not bound by that multi-district litigation because preclusion did not apply. *Id.* at 2380-81.  Recognizing that its ruling, despite the Class Action Fairness Act of 2005, would countenance relitigation of class actions because class counsel can just change the caption of the complaint and refile, the Court stated that the principles of *stare decisis* and comity among courts can serve to "mitigate the substantial costs of similar litigation brought by different plaintiffs." *Id.* at 2381-82.  The Court expects "federal courts to apply principles of comity to other's class certification decisions when addressing a common dispute." *Id.* at 2382.  While the Court cited cases discussing comity among federal courts and motions to stay to illustrate this comity principle, *see, e.g.*, *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 198 (2000), its counsel applies more broadly.  Principles of comity support transfer of this case to a sister district that has already ruled on a class certification action in an essentially identical case.

The interests of justice outweigh the convenience of the parties and witnesses. On balance, the section 1404(a) factors favor transfer.

## IV.     CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue is GRANTED.

DATED: January 9, 2013.

_____
UNITED STATES DISTRICT JUDGE