IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTAREA WILLIAMS ET AL.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WINCO FOODS ET AL.,<br><br>   Defendants.<br>_____/ | No. CV 13-00146 CRB<br><br>**ORDER GRANTING MOTION TO DENY CLASS CERTIFICATION** |

This case is effectively identical to a case previously before this Court, Gales v. WinCo Foods, LLC, 09-5813. The same lawyers that lost a fully-briefed class certification motion in Gales are back with new named Plaintiffs, seeking to certify a class that is identical to subclasses previously rejected by this Court in Gales. Defendants now move to deny class certification under Rule 23. The Court GRANTS Defendants' motion.

**I.   BACKGROUND**

This Court previously denied class certification in the related case of Gales v. WinCo Foods, LLC, No. C 09–05813 CRB, 2011 WL 3794887 (N.D. Cal. Aug. 26, 2011). The class in Gales consisted of Assistant Managers at WinCo stores in California who alleged that they were improperly classified as "exempt" employees for the purposes of overtime pay. The putative Gales class was divided into three subclasses: one subclass of day shift assistant managers and two subclasses of night shift assistant managers. Id. at *1. The putative class here is the same, except it excludes the day shift assistant managers. Mot. at 4

1  (dkt. 40).  Plaintiffs originally filed this action in state court in Sacramento County;
2  Defendants removed the case to federal district court the Eastern District of California, and
3  successfully moved to transfer venue to the Northern District of California and have the case
4  related to Gales.  Order Transferring Case (dkt. 12), Order Relating Case (dkt. 24).
5  Defendants now move to deny class certification.

## II.   LEGAL STANDARD

Rule 23(c) provides that "at an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action."  Under that rule, "[a] defendant may move to deny class certification before a plaintiff files a motion to certify a class."  Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009).  District courts must conduct a "rigorous analysis" of whether the party seeking certification has satisfied Rule 23's prerequisites.  Mazza v. Am. Honda Motor Co., 666 F.3d 581, 588 (9th Cir. 2012).

## III.   DISCUSSION

Although Plaintiffs and Defendants spend a great deal of time wrangling over "stare decisis," "comity," and preclusion principles, what is not in dispute is that this Court has the discretion to consider its decision in Gales in ruling on class certification here.  Cf. Smentek v. Dart, 683 F.3d 373, 377 (7th Cir. 2012) (holding that consideration of previous decisions on an identical class action is not mandatory but discretionary).  In Gales, this Court concluded that due to evidence of significant individual variation in the putative class members' jobs, the individual inquiries required to determine a class member's proper classification would predominate over questions common to the class, precluding certification.  2011 WL 3794887, at *6-10; see Fed. R. Civ. P. 23(b)(3).

### A.   This Court May Consider Class Certification Without Permitting Further Discovery

Plaintiffs request that they be allowed to conduct discovery before the determination of whether the class here should be certified.  Plaintiffs request discovery to (1) determine the persons in the putative class, (2) interview as many putative class members as possible,

2

(3) depose Defendant's declarants, and (4) identify a list of tasks performed by the Assistant Managers. Opp'n at 14 (dkt. 48).

"Plaintiff bears the burden of advancing a prima facie showing that . . . discovery is likely to produce substantiation of the class allegations." Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). The discovery requested by Plaintiffs has generally already been performed in Gales. Given that the class allegations in Gales were not substantiated, and Plaintiffs have not changed the allegations from the Gales litigation, there is no reason to permit duplicative discovery.

The only new discovery Plaintiffs propose consists of a "time and motion study" and a "survey."[1] Opp'n at 13-14. The information that Plaintiffs would allegedly glean about the tasks performed by the assistant managers was already gathered and presented to this Court by way of affidavit and deposition of night shift assistant managers in the Gales action. See, e.g., Gales, dkt. no. 70, attachments 1-11 (affidavits of night shift assistant managers). Accordingly, the Court DENIES Plaintiffs' request for discovery prior to ruling on Defendants' motion.

### B.  Class Certification Is Inappropriate

Plaintiffs seek to certify two of the putative subclasses from Gales. Plaintiffs argue that by reducing the scope of the class from both day and night shift assistant managers to night shift assistant managers, they have distinguished this case from Gales.

Because each putative subclass undergoes analysis as if it were a class, the denial of class certification in Gales was a denial of certification of each of the subclasses. Plaintiffs have not changed the subclasses from Gales other than consolidating the two night shift subclasses into a single class. Plaintiffs offer no explanation of how that consolidation would prevent the putative class here from suffering from the same problems that precluded certification of the putative Gales subclasses. Because Plaintiffs have not addressed the

---

[1] Plaintiffs describe both as ways of demonstrating commonality. Plaintiffs described the "time and motion study" as preferred, but do not specify which they actually intend to use. Opp'n at 14.

3

reasoning underlying this Court's previous denial of certification in <u>Gales</u>, the Court GRANTS Defendants' Motion to Deny Class Certification.

### C.   **Further Relief Is Not Warranted**

Defendants request an "order preventing Plaintiffs from relitigating class certification in this case" because "neither this Court nor WinCo should be subject to endless class actions from former WinCo Assistant Managers." Mot. at ix. Defendants further observe that even denying class certification in this case might not prevent future inefficient litigation because there will be "no assurance that the same lawsuit will not be re-filed yet again by different class representatives." <u>Id.</u> at 12.

To the extent Defendants request some remedy beyond denial of class certification in this action, the Court concludes that none is warranted. This Court has no power to prevent any other WinCo Assistant Manager from bringing a putative class action. See <u>Smith v. Bayer Corp.</u>, 131 S.Ct. 2368, 2380-81; <u>Smentek</u>, 683 F.3d at 376-77. Of course, what happened in this case aptly illustrates why future copycat suits would be ill-advised. <u>Cf. Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1111 (9th Cir. 2008) ("Lawyers must eat, so they generally won't take cases without a reasonable prospect of getting paid.")

### IV.   **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Deny Class Certification.

**IT IS SO ORDERED.**

Dated: August 1, 2013

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE